hardly invisible even to the casual passerby. This evidence should not have been suppressed.

535 A.2d 602

COMMONWEALTH of Pennsylvania, Appellant,

v.

John W. DOYLE.

Supreme Court of Pennsylvania.

Argued April 17, 1986.

Reargued Nov. 11, 1987.

Decided Jan. 12, 1988.

Mary MacNeil Killinger, Chief, Appeal Div., Joseph J. Hylan, Asst. Dist. Atty., Norristown, for appellant.

Richard D. Atkins, Theodore Simon, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

ORDER

PER CURIAM:

The Court being evenly divided as to whether to render a decision on the merits, the appeal is hereby dismissed.

NIX, C.J., and FLAHERTY and ZAPPALA, JJ., would dismiss the appeal as having been improvidently granted.

McDERMOTT, J., files a dissenting opinion.

PAPADAKOS, J., files a dissenting opinion.

LARSEN, J., dissents.

McDERMOTT, Justice, dissenting.

I dissent for the reasons expressed in my dissenting opinion in *Commonwealth v. Weisenthal*, 517 Pa. 241, 535 A.2d 600 (1988) (McDermott, J., dissenting).

PAPADAKOS, Justice, dissenting.

I dissent to the dismissal of the Petition for Allowance of Appeal as Improvidently Granted. The police certainly had a right to be where they were in a public setting keeping watch on the activities of the Appellee in a public parking area. The police saw a transfer of large bales of substances which they reasonably believed to be marijuana. They moved in and seized 119 pounds of marijuana and placed the Appellee under arrest. The mere fact that a former customs agent and DEA official testified that these bales were not packaged as he knew large bales of marijuana to be packaged does not, in my view, reduce the opinion of the arresting officers to a bad faith exercise.

This case simply represents the seizure of what the police reasonably believed to be marijuana. They were right and the expert was wrong! The bales weighed 119 pounds, hardly invisible even to the casual passerby. This evidence should not have been suppressed.